IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY SCHUMACHER and
JERI SCHUMACHER,

    Plaintiffs,

vs.                                            No. CIV 99-847 MV/RLP

ROBERT J. WINSTON, and
GENERAL MOTORS CORP.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed September 8, 1999 **[Doc. No. 3]**. The Court, having considered the motion, response, reply, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be granted. The case will be dismissed without prejudice and transferred to the Eastern District of Missouri.

### BACKGROUND

Plaintiffs Gary and Jeri Schumacher ("Plaintiffs") are residents of Albuquerque, New Mexico. Defendant Robert J. Winston ("Defendant") is a resident of Missouri. Plaintiffs have alleged that on the morning of August 3, 1996, Plaintiff Gary Schumacher was driving his 1991 Chevrolet Silverado K-1500 truck eastbound in the center lane on Highway 70, near the Highway 270 overpass, in Bridgeton, Saint Louis County, Missouri. Defendant was at that same time driving eastbound on Highway 70 in the center lane some distance behind Gary Schumacher.

Road congestion caused traffic to come to a complete stop, and therefore Gary Schumacher had stopped in the center lane. The Defendant struck Gary Schumacher's truck from behind causing the Plaintiff's vehicle to be thrust forward approximately 30-40 feet, across the left lane and into the median. Gary Schumacher suffered injuries that form the basis of this lawsuit. On July 30, 1999, Plaintiffs filed their complaint, bringing negligence claims against Defendant Winston and product liability claims against General Motors Corp. Defendant Winston avers that this Court cannot properly exercise personal jurisdiction over him.

## STANDARD OF REVIEW

The plaintiff bears the burden of proving that the court can exercise personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988)). However, this burden is not an onerous one. If the court decides the motion to dismiss without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In assessing whether plaintiff has made this prima facie showing, the court does not weigh the evidence. *Sunwest Silver, Inc. v. Intern. Connection Inc.*, 4 F.Supp.2d 1284, 1285 (D.N.M. 1998) (citing *Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)). Rather, the court accepts as true plaintiff's well-pled factual allegations uncontroverted by the defendants affidavits. *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995); *Wenz*, 55 F.3d at 1505 (citing *Behagan v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984)). If the parties submit conflicting affidavits, all factual disputes must be resolved in favor of the plaintiff. *Id.*

2

However, only the plaintiff's well-pled facts, as distinguished from conclusory allegations, must be accepted as true. *Id.*

## ANALYSIS

In diversity cases, whether a federal court has personal jurisdiction over a non-resident defendant is determined by the law of the forum state. *Wenz*, 55 F.3d at 1506 (citations omitted). Therefore, the Court looks to the New Mexico long-arm statute which provides, in relevant part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state;
> . . . . .
> (3) the commission of a tortious act within this state;
> . . . . .
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M. Stat. Ann. § 38-1-16 (1978).

There are three elements required to satisfy New Mexico's long-arm statute. First, the plaintiff must show that the defendant has committed one of the acts enumerated in the statute. If the court so finds, it must next determine whether the cause of action arises from the acts enumerated. Finally, the court must analyze whether the defendant has had "minimum contacts" with the state of New Mexico that are sufficient to satisfy the requirements of the Due Process Clause of the United States Constitution. *Sunwest Silver*, 4 F.Supp.2d at 1286.

Plaintiffs have not alleged any facts showing that any of the Defendants either transacted business in New Mexico or committed a tortious act within the state despite their strained attempt

to do so. Plaintiffs argue the following: (1) that Defendant authorized his insurance company – State Farm – to act on his behalf, (2) that State Farm representatives in Albuquerque engaged in settlement negotiations, and (3) that these settlement negotiations were business transactions sufficient to satisfy the first prong of New Mexico's long-arm statute. Plaintiffs go on, in an attempt to meet the "arising from" requirement of the long-arm statute, to argue that their negligence claim against Defendant Winston "clearly arose from the settlement negotiations," Plaintiffs' Response at 6. The Court disagrees that this is a sufficient basis upon which to exercise personal jurisdiction. To argue that Plaintiffs' tort claims resulting from the automobile accident actually arose from the attempts to settle the insurance claim strains credulity at best. The Court finds that Defendant neither committed a tortious act nor transacted business in the forum state. Therefore, Plaintiffs have not satisfied the first or second prong of New Mexico's long-arm statute.

The final factor is whether Defendants have had "minimum contacts" with the state of New Mexico sufficient to satisfy the requirements of the due process clause. *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618 (10th Cir. 1988). A forum state may constitutionally assert extra-territorial personal jurisdiction only if the defendant has purposefully had minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Defendant has established sufficient minimum contacts with the form state for personal jurisdiction if "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The type of activity which satisfies the Due Process Clause has been defined as "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State,

thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Plaintiffs contend that Defendant purposefully availed himself of the privilege of conducting business in the forum state again by allowing representatives of his insurance company to engage in settlement negotiations with Plaintiffs in New Mexico. However, Plaintiffs fail to cite any authority suggesting that such activity is sufficient to satisfy the "purposeful availment" requirement. The Court finds that this one attenuated connection is insufficient to establish that the Defendant purposefully availed himself of the privileges of doing business in New Mexico or purposefully directed its activities towards residents of New Mexico. The assertion of personal jurisdiction in this case would not "comport with 'traditional notions of fair play and substantial justice.'" *Trierwieler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (quoting *International Shoe Co.*, 326 U.S. at 320). The quality and nature of the defendant's contacts with the forum are isolated and attenuated, involving only the negotiation and settlement of an insurance claim by his insurance company.

For the foregoing reasons, Plaintiffs have failed all three prongs of New Mexico's long-arm statute. Because Defendant has not had sufficient contacts with New Mexico, this Court can not assert personal jurisdiction over Defendant, and will dismiss this action. Plaintiffs request that if this Court finds that it does not have personal jurisdiction over Defendant, it transfer the case to Missouri, and Defendant does not object to such a transfer. Accordingly, the case will be transferred to United States District Court in the Eastern District of Missouri.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of

Personal Jurisdiction **[Doc. No. 3]** is **granted** and this matter is hereby is hereby transferred to the United States District Court in the Eastern District of Missouri.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiffs:
L. Bernice Galloway

Attorney for Defendant:
Gregory W. MacKenzie